UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NAQUAYLIA RHODES<br>c/o Hassler Kondras Miller LLP<br>100 Cherry Street<br>Terre Haute, Indiana 47807<br><br>*Individually and on Behalf of*<br>*All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>HOPP, INC.<br>D/B/A NIGHT MOVES<br>P.O. Box 1341<br>3160 South Walnut Street<br>Bloomington, Indiana 47402<br><br>SERVE:   Rodney Domer, Registered Agent<br>2611 South Flat Rock Road<br>Bloomington, Indiana 47403<br><br>Defendant. | * * * * * * * * * * * * * * * * * * * * * | CLASS ACTION COMPLAINT<br><br>FLSA COLLECTIVE ACTION COMPLAINT<br><br><br>CASE NO.   1:25-cv-68 |

*****************************************************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. During the period January 10, 2022, through the date of judgment ("the relevant period"), Defendant Hopp, Inc. ("Defendant") employed Plaintiff Naquaylia Rhodes ("Plaintiff") and other similarly situated individuals to work or perform as exotic dancers within Defendant's Night Moves Gentlemen's Club ("the Club") ("the Class Members").

2. During the relevant period, Defendant perpetrated common and class-wide violations of Plaintiff and Class Members' wage payment rights under the Federal

Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute ("IWPS") by and through the following:

a) Misclassifying Plaintiff and Class Members as non-employee contractors while working as exotic dancers within the Club;

b) Failing to pay any wages for the hours Plaintiff and Class Members worked as exotic dancers within the Club;

c) Failing to pay the "amount due," $7.25 per hour, for each hour Plaintiff and Class Members worked as exotic dancers within the Club, each pay period;

d) Deducting and withholding tips Plaintiff and Class Members earned from Defendant's customers while working as exotic dancers within the Club;

e) Deducting and withholding portions of the payments Defendant's customers paid to Plaintiff and each Class Member for performing VIPs and private dances within the Club; and

f) Charging Plaintiff and Class Members mandatory fees as a condition of employment including, but not limited to, a "House Rental Fee," Increased House Rental Fee," Late Rental Fee," "Increased House & Late Rental Fee," and "Reinstatement Fee."

**PARTIES, JURISDICTION, AND VENUE**

3. Plaintiff is an adult resident of the State of Illinois.

4. By affixing her name to the caption of the initiating pleading in this action, Plaintiff files her written consent to prosecute her claims against Defendant as part of an FLSA Collective Action and IWPS Class Action.

5. Defendant is a corporation, formed under the laws of the State of Indiana.

6. During the relevant period, Defendant operated the Club at 3160 South Walnut Street, Bloomington, Indiana 47402, within Monroe County, Indiana.

7. During the relevant period, Defendant's ownership and management directed, controlled, and made all monetary investments relating to the day-to-day operations of the Club.

8. During the relevant period, Defendant's ownership and management created, implemented, and enforced rules, policies, and procedures relating to the operation of the Club.

9. During the relevant period, Defendant's ownership and management directed, controlled, and made all monetary investments relating to all furniture and fixtures within the Club.

10. During the relevant period, Defendant's ownership and management directed, controlled, and made all monetary investments relating to advertising and marketing to attract customers to the Club.

11. During the relevant period, Defendant's ownership and management directed, controlled, and enforced all cost for sales of food, drinks, and private dances performed by exotic dancers within the Club.

12. During the relevant period, Defendant employed individuals who performed direct management and supervision of Plaintiff and Class Members' work as exotic dancers within the Club.

13. During the relevant period, Defendant operated the Club as a Gentlemen's Club featuring exotic dancers.

14. During the relevant period, the exotic dancer work duties Plaintiff and Class Members performed within the Club were integral to Defendant's operations of the Club as a Gentlemen's Club featuring exotic dancers.

15. During the relevant period, Defendant's ownership and management directed and controlled the selection and hiring of females seeking to work as exotic dancers within the Club.

16. During the relevant period, Defendant's ownership and management set and carried out a common policy to misclassify Plaintiff and Class Members as non-employee contractors while each worked as exotic dancers within the Club.

17. Prior to or during the relevant period, Defendant's ownership and management set and carried out a common policy to pay Plaintiff and Class Members no wages for hours worked as exotic dancers within the Club.

18. During the relevant period, Defendant's ownership and management created, implemented, and held full authority to enforce rules, policies, and procedures controlling Plaintiff and Class Members' work as exotic dancers within the Club.

19. During the relevant period, Defendant's ownership and management created, implemented, and controlled the method by which Plaintiff and Class Member could earn money within the Club by setting operating hours for the Club, dance orders for stage performances, and pricing for Defendant's customers to purchase private dances.

20. During the relevant period, Defendant required Plaintiff and Class Members perform private dances within the Club under the pricing set, implemented, controlled, and enforced exclusively by Defendant.

21. During the relevant period, Defendant's ownership and management directly managed and supervised Plaintiff and Class Members' performance of exotic dancer duties within the Club.

22. During the relevant period, Defendant's ownership and management held full authority to discipline, suspend, terminate, or alter the conditions of Plaintiff and Class Members' employment as exotic dancers working within the Club.

23. During the relevant period, Defendant's ownership and management were responsible for keeping and maintaining all employment and related records related to Plaintiff Class Members' work as exotic dancers within the Club.

24. During the relevant period, as a condition of working or continuing to work as an exotic dancer within the Club, Defendant did not require Plaintiff or Class Members to have or possess any requisite certification, education, or specialized training.

25. During the relevant period, Defendant purchased, sold, and served food and beverages to Defendant's customers within the Club that were bottled or manufactured outside of Indiana and traveled and/or passed through interstate commerce.

26. During the relevant period, Defendant played music for Plaintiff and Class Members to dance to within the Club for the entertainment of Defendant's customers that was created and recorded outside of Indiana and streamed within the Club through internet providers and recording and distribution services based outside of Indiana.

27. During the relevant period, the exotic dancer work duties Plaintiff and Class Members performed within the Club for the entertainment of Defendant's customers within the Club were so vitally related to the functioning of Defendant's business operation, which itself is a facility of interstate commerce as described herein, that Plaintiff and Class Members was individually engaged in interstate commerce.

28. In each year of the relevant period, Defendant realized gross annual sales or revenues, including unrecorded cash sales and other transactions, exceeding $500,000.00.

29. During the relevant period, Defendant qualified as Plaintiff and Class Members' "employer" within the meaning of the FLSA and the IWPS.

30. During the relevant period, Plaintiff and Class Members each qualified as Defendant's "employees" within the meaning of the FLSA and IWPS.

31. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims asserted herein under 28 U.S.C. §1331, because this action is brought under the laws of the United States, the FLSA, 29 U.S.C. §201, *et seq*.

32. The Court has supplemental jurisdiction over Indiana state law claims pursuant to 28 U.S.C. §1367, as these claims are so related to the Federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

33. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the United States District Court for the Southern District of Indiana, because the acts and omissions giving rise to the claims at bar occurred within the Club in Monroe County, Indiana, and Defendant had substantial, systematic, and ongoing contacts with Monroe County, Indiana, within the relevant period.

## FACTS

34. During the period of at least September 2024, through December 2024, Defendant employed Plaintiff to work as an exotic dancer within the Club.

35. On information and belief, during the relevant period, Defendant employed more than One Hundred Class Members to work as exotic dancers within the Club.

36. During the relevant period, Defendant misclassified Plaintiff and Class Members as non-employee contractors.

37. During the relevant period, Defendant employed Plaintiff to work or perform as an exotic dancer within the Club about three (3) to five (5) shifts per week, with each shift lasting between five (5) to six (6) hours.

38. During the relevant period, the exact number of shifts and hours Defendant employed Plaintiff and Class members to as an exotic dancer within the Club was subject to Defendant's scheduling and discretion.

39. During the relevant period, Defendant created, implemented, and enforced standardized shift scheduling procedures for Plaintiff and Class Members.

40. During the relevant period, Plaintiff and Class Members' exotic dancer job duties performed within the Club were managed and supervised by Defendant's ownership and management.

41. During the relevant period, had actual knowledge of all hours Plaintiff and Class Members worked as an exotic dancer within the Club.

42. During the relevant period, Defendants paid Plaintiff and Class Members no wages at all for the hours Plaintiff and Class Members worked as exotic dancers within the Club.

43. During the relevant period, Defendant never paid Plaintiff or Class Members earned wages due to Plaintiff and Class Members at the Federal Minimum Wage Rate of $7.25 per hour for all hours worked each pay period.

44. During the relevant period, Plaintiff and Class Members earned tips from Defendant's customers for performing stage dances and private dances for Defendant's customers within the Club.

45. During the relevant period, Defendant set a stage dance order dictating Plaintiff and Class Members to perform stage dances within the Club when called upon by Defendant to do so.

46. During the relevant period, each time Plaintiff and Class Members performed stage dances within the Club, Defendant required Plaintiff and Class Members to pay or assign at least $5.00 of the tips Plaintiff and Class Members received from Defendant's customers directly to Defendant's bartenders, DJ, security personnel, and waitresses.

47. During the relevant period, Plaintiff and Class Members performed private dances for Defendant's customers within the Club for which Defendant's customers paid Plaintiff and Class Members tips at minimum amounts set, implemented, and enforced by Defendant.

48. During the relevant period, each time Plaintiff and Class Members performed a private dance for Defendant's customers within the Club, Defendant required Plaintiff and Class Members to pay or assign a pre-determined portion or percentage of the amount Defendant's customers paid to Plaintiff and Class Members for the private dance, typically 40%-50% of the amount received.

49. During the relevant period, Defendant's ownership and management supervised Plaintiff and Class Members work within the Club to ensure Plaintiff and Class Members were fully complying with rules and procedures set, implemented, and enforced at Defendant's discretion.

50. During the relevant period, Defendant Charged Plaintiff and Class Members fees or fines including, but not limited to, a "Reinstatement Fee" as a monetary penalty for violating Defendant's rules or procedures within the Club.

51. On information and belief, prior to and during the relevant period, Defendant had actual knowledge that Courts within the State of Indiana and across the country had analyzed the economic realities of exotic dancers working within Gentlemen's Clubs and determined that exotic dancers working within Gentlemen's Clubs qualified as employees of the Gentlemen's Clubs under the FLSA and state law.

52. On information and belief, during the relevant period, Defendant had actual knowledge that Plaintiff and Class Members were Defendant's employees under the FLSA and IWPS and were misclassified by Defendant as non-employee contractors.

53. On information and belief, during the relevant period, Defendant had actual knowledge of Plaintiff and Class Members wage payment rights and Defendant's corresponding wage payment obligations to Plaintiff and Class Members under the FLSA and IWPS.

54. On information and belief, during the relevant period, Defendant had actual knowledge it was required to pay Plaintiff and Class Members wages in full requirements of the dictates of the FLSA and IWPS wage payment requirements.

55. On information and belief, during the relevant period, Defendant willfully, knowingly, or at least recklessly violated Plaintiff and Class Members' wage payment rights under the FLSA and IWPS.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff brings FLSA claims alleged in this action on behalf of herself and Class Members for recovery of earned and unpaid Federal Minimum Wage compensation and unlawful kickbacks and tip deductions under the FLSA, 29 U.S.C. § 216(b).

57. The FLSA Class is defined as follows:

    Any person who worked as an exotic dancer within the Club during the three (3) years preceding her filing of an FLSA Collective Action Opt-In Consent Form in this case (hereafter, "the FLSA Class").

58. Plaintiff and each member of the FLSA Class are similarly situated because during the relevant period, Plaintiff and each member of the FLSA Class (i) worked as an exotic dancer within the Club; (ii) was misclassified as a non-employee contractor while working as an exotic dancer within the Club; (iii) was paid no wages for hours worked as an exotic dancer within the Club; and (iv) was required to pay Defendant, its employees, or assigns fees, monetary kickbacks, and portions of earned tips as a condition of working as an exotic within the Club.

59. Defendant is liable to Plaintiff and each member of the FLSA Class for FLSA damages in the amount of (i) earned and unpaid Federal Minimum Wage compensation for all hours Plaintiff and each member of the FLSA Class worked as an exotic dancer within the Club during the relevant period; (ii) full reimbursement of all fees, monetary kickbacks, and tips Defendant charged, withheld, deducted, or assigned from Plaintiff and each member of the FLSA Class during the relevant period; (iii) statutory liquidated damages; and (iv) attorney's fees and costs.

## RULE 23 CLASS ALLEGATIONS

60. Plaintiff brings her IWPS claims alleged in this action on behalf of herself and Class Members as a Class Action pursuant to FED. R. CIV. P. 23.

61. The IWPS Class is defined as follows:

    Any person who worked as an exotic dancer within the Club during the period January 10, 2023, through the date of judgment in this case (hereafter, "the IWPS Class").

62. All members of the IWPS Class are readily ascertainable from records within Defendant's possession, custody, or control.

63. On information and belief, there are more than One Hundred (100) members of the IWPS Class, making joinder of all members of IWPS Class impracticable.

64. During the relevant period, Defendant commonly misclassified Plaintiff and all members of the IWPS Class as non-employee independent contractors.

65. During the relevant period, Defendant was required to pay Plaintiff and each member of the IWPS Class at least the Federal Minimum Wage of $7.25 per hour for each hour Plaintiff and each member of the IWPS Class worked as an exotic dancer within the Club each pay period.

66. During the relevant period, Defendant commonly failed to pay Plaintiff and each member of the IWPS Class at least the Federal Minimum Wage of $7.25 per hour for each hour Plaintiff and each member of the IWPS Class worked as an exotic dancer within the Club each pay period.

67. Under the IWPS, an amount due by law - such as the $7.25 per hour Federal Minimum Wage due to Plaintiff and each member of the IWPS Class – qualified as an "amount due the employee" under I.C. 22-2-5-1(a).[1]

68. During the relevant period, Defendant commonly failed to pay Plaintiff and each member of the IWPS Class the Federal Minimum Wage for each hour worked at the rate of $7.25 per hour as the "amount due" to Plaintiff and each member of the IWPS Class each pay period.

---

[1] See *Partlow v. Asher*, 2024 WL 3400228, at **3-4 (S.D. Ind. July 10, 2024), citing *Adams v. Aztar Ind. Gaming Co.*, 2021 WL 4316906, at *3 (S.D. Ind. Sept. 22, 2021).

69. During the relevant period, Defendant was required to permit Plaintiff and each member of the IWPS Class to keep and retain all earned tips received from Defendant's customers each shift, free of fees, kickbacks, deductions, and assignments.

70. During the relevant period, Defendant commonly collected or confiscated Plaintiff and each member of the IWPS Class's earned tips received from Defendant's customers through common implementation and enforcement of policies requiring Plaintiff and each member of the IWPS Class to pay Defendant or Defendant's assigns fees, kickbacks, and tip assignments.

71. Under the IWPS, an amount due by law - such as the earned tips taken by the employer which are due to be paid in full to each member of the IWPS Class - is an "amount due the employee" under I.C. 22-2-5-1(a).

72. During the relevant period, Defendant commonly collected and confiscated portions of earned tips from Plaintiff and each member of the IWPS Class resulting in Defendant's failure to pay the "amount due" to Plaintiff and each member of the IWPS Class each pay period.

73. Plaintiff's IWPS claims are typical of those claims which could be alleged by any member of the IWPS Class and the relief sought is typical of the relief which would be sought by each member of the IWPS Class in separate actions.

74. Plaintiff and the members of the IWPS Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendant during the relevant period in violation of the IWPS.

75. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of each member of the IWPS Class and have no interests antagonistic to the members of the IWPS Class.

76. The central questions of fact and law determinative of Plaintiff's IWPS claim and the IWPS claims belonging to the members of the IWPS Class are common, class-wide, and predominate over any questions affecting only individual members.

77. An IWPS Class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the IWPS lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

78. Class-wide adjudication of Plaintiff's individual IWPS claims and the IWPS claims belonging to the members of the IWPS Class promotes consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## COUNT I
## Violation of the FLSA

79. Plaintiff, on behalf of herself and the FLSA Class, re-allege and incorporate by reference all paragraphs set forth above as if restated herein.

80. During the relevant period, Defendant qualified as Plaintiff and each member of the FLSA Class's employer.

81. During the relevant period, Plaintiff and each member of the FLSA Class qualified as Defendant's employee under the FLSA.

82. During the relevant period, Defendant violated the FLSA by failing to pay Plaintiff and the members of the FLSA Class any wages for the hours Plaintiff and each member of the FLSA Class worked as an exotic dancer within the Club.

83. During the relevant period, Defendant violated the FLSA by charging, confiscating, collecting, or assigning fees and other kickback payments from or against Plaintiff and the members of the FLSA Class as a condition of working as exotic dancers within the Club.

84. During the relevant period, Defendant violated the FLSA by deducting, withholding, or assigning earned tips that Plaintiff and the members of the FLSA Class received from Defendant's customers while working as exotic dancers within the Club.

85. On information and belief, prior to and during the relevant period, Defendant had actual or constructive knowledge of the FLSA wage payment requirements and Defendant's failure to abide by the same in compensating Plaintiff and the members of the FLSA Class was willful, knowing, intentional or, at minimum, reckless.

86. On information and belief, Defendant's failure to compensate Plaintiff and the members of the FLSA Class during the relevant period as required by the FLSA was not the product of good faith on the part of Defendant.

87. Defendant now owes Plaintiff and each member of the FLSA Class (i) reimbursement of all deductions, withholdings, kickbacks, and assignments taken or assessed by or on behalf of Defendant against Plaintiff and each member of the FLSA Class during each shift Plaintiff and each member of the FLSA Class worked as an exotic dancer within the Club during the relevant period; (ii) payment of direct wages at the Federal Minimum Wage to Plaintiff and each member of the FLSA Class for all hours Plaintiff and each member of the FLSA Class worked as an exotic dancer within the Club during the relevant period; (iii) statutory liquidated damages; (iv) interest; and (v) attorney's fees and costs.

## COUNT II
## Violation of IWPS

88. Plaintiff, on behalf of herself and the members of the IWPS Class re-allege and incorporate all previous paragraphs as if they were set forth herein.

89. During the relevant period, Defendant was required to pay Plaintiff and each member of the IWPS Class at least the Federal Minimum Wage of $7.25 per hour for each hour Plaintiff and each member of the IWPS Class worked as an exotic dancer within the Club each pay period.

90. During the relevant period, Defendant commonly failed to pay Plaintiff and each member of the IWPS Class at least the Federal Minimum Wage of $7.25 per hour for each hour Plaintiff and each member of the IWPS Class worked as an exotic dancer within the Club each pay period.

91. Under the IWPS, an amount due by law - such as the $7.25 per hour Federal Minimum Wage due to Plaintiff and each member of the IWPS Class – qualified as an "amount due the employee" under I.C. 22-2-5-1(a).

92. During the relevant period, Defendant commonly failed to pay Plaintiff and each member of the IWPS Class the Federal Minimum Wage for each hour worked at the rate of $7.25 per hour as the "amount due" to Plaintiff and each member of the IWPS Class each pay period.

93. During the relevant period, Defendant was required to permit Plaintiff and each member of the IWPS Class to keep and retain all earned tips received from Defendant's customers each shift, free of fees, kickbacks, deductions, and assignments.

94. During the relevant period, Defendant commonly collected or confiscated Plaintiff and each member of the IWPS Class's earned tips received from Defendant's customers through common implementation and enforcement of policies requiring Plaintiff and each member of the IWPS Class to pay Defendant or Defendant's assigns fees, kickbacks, and tip assignments.

95. Under the IWPS, an amount due by law - such as the earned tips taken by the employer which are due to be paid in full to each member of the IWPS Class - is an "amount due the employee" under I.C. 22-2-5-1(a).

96. On information and belief, prior to and during the relevant period, Defendant had actual or constructive knowledge of the IWPS wage payment requirements and Defendant's failure to abide by the same in compensating Plaintiff and the members of the IWPS Class was willful, knowing, intentional, and perpetrated in bad faith.

97. On information and belief, Defendant's failure to compensate Plaintiff and the members of the FLSA Class during the relevant period as required by the FLSA was not the product of good faith on the part of Defendant.

98. Defendant now owes Plaintiff and each member of the IWPS Class (i) reimbursement of all deductions, withholdings, kickbacks, and assignments taken or assessed by or on behalf of Defendant against Plaintiff and each member of the IWPS Class due to Plaintiff and each member for working as an exotic dancer within the Club each pay period during the relevant period; (ii) payment of direct wages at the Federal Minimum Wage to Plaintiff and each member of the IWPS Class due to Plaintiff and each member of the IWPS Class for all hours Plaintiff and each member of the IWPS Class worked as an exotic dancer within the Club each pay period during the relevant period; (iii) statutory liquidated damages; (iv) interest; and (v) attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a) An order designating this action as a Collective Action on behalf of the Plaintiff and the FLSA Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Minimum Wage Class;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed IWPS ;

c) An order designating the Plaintiff as representative of the FLSA Class and the IWPS and appointment of Plaintiff's counsel as counsel for the FLSA Class and the IWPS Class;

d) An order finding that Defendant violated the FLSA and IWPS;

e) An order finding Defendant's violations of the FLSA and IWPS were not the product of good faith;

f) An order finding Defendant's violations of the FLSA were willful;

g) An order finding Defendant's violations of the IWPS were perpetrated in bad faith;

h) Judgment against Defendant and in favor of Plaintiff and each member of the IWPS Class in the amount of (i) reimbursement of all deductions, withholdings, kickbacks, and assignments taken or assessed by or on behalf of Defendant against Plaintiff and each member of the IWPS Class due to Plaintiff and each member for working as an exotic dancer within the Club each pay period during the relevant period; (ii) payment of direct wages at the Federal Minimum Wage to Plaintiff and each member of the IWPS Class due to Plaintiff and each member of the IWPS Class for all hours Plaintiff and each member of the IWPS Class worked as an exotic dancer within the Club each pay period during the relevant period; (iii) statutory liquidated damages as provided by the IWPS; (iv) interest as provided by the IWPS; and (v) attorney's fees and costs as provided by the IWPS;

i) Judgment against Defendant and in favor of Plaintiff and each member of the FLSA Class in the amount of (i) reimbursement of all deductions, withholdings, kickbacks, and assignments taken or assessed by or on behalf of Defendant against Plaintiff and each member of the FLSA Class during the relevant period; (ii) payment of direct wages at the Federal Minimum Wage to Plaintiff and each member of the FLSA Class for all hours Plaintiff and each member of the FLSA Class worked as an exotic dancer within the Club during the relevant period; (iii) statutory liquidated damages as provided by the FLSA; (iv) interest as provided by the FLSA; and (v) attorney's fees and costs as provided by the FLSA; and

j) Such further relief as the Court deems just and equitable.

Dated:  January 10, 2024                Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

  /s/ Gregg C. Greenberg
Gregg C. Greenberg
Maryland Federal Bar No. 17291
(To be Admitted *Pro Hac Vice*)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax:  240-839-9142
Email:  ggreenberg@zagfirm.com

HASSLER KONDRAS MILLER LLP

/s/*Robert P. Kondras, Jr.*
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
Telephone:  (812) 232-9691
Fax:  (812) 234-2881
Email:  kondras@hkmlawfirm.com

*Counsel for Plaintiff and the Classes*