**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| NAQUAYLIA RHODES, | ) | |
| *Individually and on Behalf of All Others* | ) | |
| *Similarly Situated*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CAUSE NO.: 1:25-cv-000068-JPH-MG |
| HOPP, INC. D/B/A NIGHT MOVES, | ) | |
| | ) | |
| Defendant. | ) | |

## HOPP, INC., D/B/A NIGHT MOVES' ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant, Hopp, Inc. d/b/a Night Moves, by counsel, files this Answer to Plaintiff's

Class and Collective Action Complaint, ("Plaintiff's Complaint"), as follows.

1.      Defendant denies the allegations contained in Paragraph 1 of Plaintiff's

Complaint.

2.      Defendant denies the allegations contained in Paragraph 1 of Plaintiff's

Complaint, including subparts a through f.

### PARTIES, JURISDICTION, AND VENUE

3.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits it is a corporation formed under the laws of the State of Indiana.

6.      Defendant admits that it operated Night Moves Gentlemen's Club at 3160 South

Walnut Street, Bloomington, Indiana 47402, within Monroe County, Indiana.

7.      Defendant admits that during the relevant period its ownership and management directed and controlled it finances but Defendant does not know what Plaintiffs mean by the terms "all monetary investments relating to the day-to-day operations for the Club" and therefore lacks knowledge or information sufficient to form a belief about the truth of these allegations.

8.      While the allegations in Paragraph 8 are vague and overly broad, Defendant admits that during the relevant period its ownership and management created, implemented, and enforced certain rules, policies, and/or procedures relating to the operation of the Club.

9.      Defendant admits that during the relevant period, its ownership and management directed, controlled, and made monetary investments relating to all furniture and fixtures within the Club.

10.     Defendant denies that during the relevant period, its ownership and management directed, controlled, and made all monetary investments relating to advertising and marketing to attract customers to the Club.

11.     Defendant admits that during the relevant period, its ownership and management directed, controlled, and enforced  cost for sales of food, drinks, and entertained within the Club, but Defendant is lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits that during the relevant period, it employed individuals who performed direct management and supervision of Plaintiff's performances as a dancer at the Club and denies the remaining allegations in paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits that during the relevant period its ownership and management had authority, subject to all applicable laws, ordinances, and regulations, to exercise reasonable and legitimate control over Club operations, including dancers performing at the Club, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits that it did not require Plaintiff to have or possess any requisite certification, education, or specialized training but denies all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Paragraph 29 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Paragraph 30 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Paragraph 31 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

32.     Paragraph 32 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

33.     Paragraph 33 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**FACTS**

34. Defendant denies that Plaintiff worked as a dancer for a short duration of time between October 12, 2024 and December 11, 2024. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies that it employed Plaintiff but admits that Plaintiff requested and worked about three (3) to five (5) shifts per week, each lasting between five (5) to six (6) hours between October 12, 2024 and December 11, 2024.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant admits that Plaintiff's performances were managed and supervised by Defendant's ownership and management but denies all remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are unintelligible; Defendant accordingly denies the allegations contained therein.

42.    Defendant admits that Plaintiff was compensated for her work but was not paid W2 wages for her work.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.    Defendant admits that it did not pay Plaintiff wages at the Federal Minimum Rate of $7.25 per hour for all hours worked each pay period but denies that any such wages were due to Plaintiff. Defendant further lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    Defendant admits that during the relevant period Plaintiff earned tips from Defendant's customers for performing stage dances and private dances for Defendant's customers within the Club but denies all remaining allegations contained in Paragraph 44 of Plaintiff's Complaint..

45.    Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.    Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.    Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.    Defendant generally admits that dancers were to follow applicable rules and procedures governing their work in the Club, however, the allegations are vague and overly broad; therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

### FLSA COLLECTIVE ACTION ALLEGATIONS

56.     Paragraph 56 of Plaintiff's Complaint does not contain allegations directed towards Defendant, so no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Paragraph 57 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

58.     Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

**RULE 23 CLASS ALLEGATIONS**

60.    Paragraph 60 of Plaintiff's Complaint does not contain allegations directed towards Defendant, so no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    Paragraph 61 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

62.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.    Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    Paragraph 67 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

68.    Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Paragraph 71 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Paragraph 76 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

77. Paragraph 77 of Plaintiff's Complaint contains no allegations directed towards Defendant, so no response is required. To the extent that a response is required, Defendant denies the allegations.

78. Paragraph 78 of Plaintiff's Complaint contains no allegations directed towards Defendant, so no response is required. To the extent that a response is required, Defendant denies the allegations.

## COUNT I – VIOLATION OF THE FLSA

79. Defendant incorporates its answers to the preceding paragraphs 1-78.

80. Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

## COUNT II – VIOLATION OF IWPS

88. Defendant incorporates its answers to the preceding paragraphs 1-87.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiff's

Complaint.

92.    Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.    Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.    Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.    Paragraph 95 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations.

96.    Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.    Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.    Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

WHEREFORE, Defendant, Hopp, Inc. d/b/a Night Moves, by counsel, respectfully requests that Plaintiff take nothing by way of her Complaint, that the Court deny Plaintiff's requested relief, and that judgment be rendered in Defendant's favor and for all other just and proper relief in the premises.

Respectfully submitted,

**COOTS HENKE & WHEELER, P.C.**

 */s/ Betsy Sommers*
Matthew Hinkle, #19396-29

Betsy Sommers, #34206-49
*Attorneys for Defendant*

## AFFIRMATIVE DEFENSES

Defendant, Hopp, Inc. d/b/a Night Moves, by counsel, submit their affirmative defenses to Plaintiff's Class and Collective Action Complaint (hereafter "Complaint") as follows:

1.     Any claims of liability not denied above are hereby denied.

2.     The Complaint fails to state a claim upon which relief may be granted.

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.     Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and Indiana law.

5.     This case may not be maintained as a collective action because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant legal authority.  Defendant specifically maintains that Plaintiff's pleadings fail to meet the requirements necessary to justify the sought-after collective action or issuance of notice to the members of Plaintiff's putative collective action.

6.     Any actions by Defendant with respect to Plaintiff or any alleged similarly situated employee or putative class and collective action member were taken in good faith with reasonable grounds to believe the conduct comported with applicable law.

7.     Some of Plaintiff's and members of the putative class and collective action claims are barred in whole or in part by the applicable statute of limitations.

8.     To the extent that Plaintiff or any other putative class and collective action member has failed to exhaust their administrative remedies, the Complaint must be dismissed.

9.     At all times, Defendant acted in good faith and had reasonable grounds for

believing its actions complied with the FLSA and state wage and hour laws.

10.    Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA or other regulations.

11.    This action is barred to the extent Plaintiff seeks recovery for time that is not compensable under the FLSA.

12.    Some or all of the claims of Plaintiff and any members of the putative class and collective action are barred by accord and satisfaction, settlement and/or payment and release.

13.    The claims of Plaintiff and members of the putative class and collective action are barred, in whole or in part, by the de minimis doctrine and any time that is not compensable under the FLSA or other regulations.

14.    To the extent Plaintiff or members of the putative class and collective action seek damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

15.    Plaintiff and the members of the putative class and collective action she purports to represent are barred from relief to the extent they failed to mitigate their damages.

16.    Plaintiff's claims and the claims of the putative class and collective action members for liquidated damages are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under applicable law.

17.    Defendant denies there is any basis for Plaintiff or any member of the putative class and collective action to seek relief against any Defendant who is and/or was never such individual's employer under the FLSA  or any other applicable law.

18.    Defendant's actions with respect to Plaintiff and any member of the putative class or collective action were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or

policy, pursuant to 29 U.S.C. § 259.

19.     Defendant's actions with respect to Plaintiff and any member of the putative class or collective action were taken in good faith with reasonable grounds to believe such conduct comported with Indiana law and the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260.

20.     Plaintiff and any member of the putative class and collective action are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, intentionally, or recklessly fail to comply with the FLSA or Indiana law.

21.     Plaintiff lacks standing to bring claims against any Defendant that is not her "employer" as defined by applicable law.

22.     To the extent Plaintiff and the members of the putative class and collective action she seeks to represent prevail, their damages, including liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent the forms of relief are duplicative of one another.

23.     The Complaint, and each purported claim for relief alleged therein, is barred to the extent the sought-after recovery would result in the unjust enrichment of Plaintiff and the members of the putative class and collective action.

24.     Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

25.     Defendant's actions were taken in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

26.     Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, Defendant, Hopp, Inc. d/b/a Night Moves, by counsel, respectfully requests that Plaintiff take nothing by way of her Complaint and that judgment be rendered in Defendant's favor and for all other just and proper relief in the premises.

## JURY DEMAND

Defendant, Hopp, Inc. d/b/a Night Moves, by counsel, respectfully request a trial by jury for all issues so triable in this action.

Respectfully submitted,

**COOTS HENKE & WHEELER, P.C.**

 _/s/ Betsy Sommers_
Matthew Hinkle, #19396-29
Betsy Sommers, #34206-49
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 6, 2025**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Robert P. Kondras, Jr.
HASSLER KONDRAS MILLER LLP
100 Cherry St.
Terre Haute, IN 47807

Gregg C. Greenburg
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910

*/s/ Betsy Sommers*
Betsy Sommers, #34206-49

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032