UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NAQUAYLIA RHODES,<br><br>Plaintiff,<br><br>v.<br><br>HOPP, INC. d/b/a NIGHT MOVES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-00068-JPH-MG |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL**

Plaintiff Naquaylia Rhodes brought this suit on behalf of herself and those similarly situated, alleging that Hopp, Inc. d/b/a Night Moves violated the Fair Labor Standards Act (FLSA) and the Indiana Wage Payment Statute (IWPS) by failing to properly pay its exotic dancers. The parties reached a settlement and sought certification of a Rule 23 Class for settlement purposes only under Federal Rule of Civil Procedure 23(b)(3); certification of a FLSA Collective for settlement purposes only under 29 U.S.C. § 216(b); and approval of the Settlement, Class Action Settlement Agreement and Release ("Agreement"), and Notice. Dkt. 46. The Court granted preliminary approval in April 2026, dkt. 48, and held a fairness hearing in August 2026, dkt. 59. The parties seek final approval of the settlement class, the settlement collective, and the Agreement. Dkt. [56]. Plaintiffs have also filed an unopposed motion for approval of fees, costs, and expenses. Dkt. [49]. For the reasons below, those motions are **GRANTED**.

## I.
## Background

The parties seek final approval of a settlement class and FLSA collective. Dkt. 46. The preliminarily certified FLSA collective is defined to include:

> All persons who:
> i. Are employed or have been employed at any time from January 10, 2023, to November 10, 2025, as an exotic dancer by Night Moves in Bloomington, Indiana in a position that was classified as an independent contractor;
> ii. Did not receive wages directly from Night Moves; and
> iii. Who timely and properly follow the procedure specified in the Settlement Notice approved by the Court to validly "opt in" to the Settlement.

And the preliminarily certified IWPS class is defined to include:

> All persons who:
> i. Are employed or have been employed at any time from January 10, 2023, to November 10, 2025, as an exotic dancer by Night Moves in Bloomington, Indiana in a position that was classified as an independent contractor;
> ii. Did not receive wages directly from Night Moves; and
> iii. Who did not timely and properly follow the procedure specified in the Settlement Notice approved by the Court to validly "opt out" of the Settlement.

In the Agreement, Defendant agreed to pay $220,000.00 to resolve this lawsuit. Dkt. 46-1 at 9. From that amount, class/collective counsel seek an attorney fee award of $73,333.33 and litigation costs and expenses of $2,773.85. Dkt. 49. Ms. Rhodes will receive a $10,000 service award. *Id.* Any

unclaimed settlement funds will be paid to Indiana Legal Services. Dkt. 46-1 at 21.

The parties confirmed at the August 13, 2026 fairness hearing that 37 collective members, including Ms. Rhodes, opted in to the FLSA collective, and that the IWPS class includes 174 members. No individuals opted out of the class and there are no objectors to the Agreement.

## II.
## Applicable Law

### A. Rule 23 Class Action

Class actions were designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 155 (1982). "Federal Rule of Civil Procedure 23 governs class actions." *Santiago v. City of Chicago*, 19 F.4th 1010, 1016 (7th Cir. 2021).

A court's approval is required when "a class [is] proposed to be certified for the purposes of settlement." Fed. R. Civ. P. 23(e). Rule 23(e)(2) requires that a Court determine the settlement is "fair, reasonable, and adequate" before approving a class settlement. *See also Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Santiago*, 19 F.4th at 1016. The provisions of Rule 23 that are "designed to protect absentees by blocking unwarranted or overbroad class

definitions . . . demand undiluted, even heightened, attention in the settlement context." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

**B. FLSA Collective Action**

Violations of the FLSA can be brought as a collective action on behalf of the plaintiff and "other employees similarly situated." 29 U.S.C. § 216(b); *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). FLSA collective actions, unlike class actions, are "agglomerations of individual claims . . . brought by individual plaintiffs." *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 725 (7th Cir. 2024). "A district court has wide discretion to manage collective actions." *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010); *accord Richards v. Eli Lilly & Co.*, 149 F.4th 901, 906 (7th Cir. 2025) ("The twin goals of collective actions are enforcement and efficiency.").

After the Court facilitates a FLSA-collective notice, it may then make "the final determination as to whether plaintiffs are similarly situated . . . after opt-in and discovery are complete." *Richards*, 149 F.4th at 913. Courts in the Seventh Circuit routinely require court approval of FLSA-collective settlements. *See Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 752 (7th Cir. 2022). Courts should approve FLSA settlements that represent a "reasonable compromise" of a "bona fide dispute." *Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

## III. Analysis

### A. Rule 23 Class Certification

"Rule 23 gives the district courts broad discretion to determine whether certification of a class-action lawsuit is appropriate," *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008), and "provides a one-size-fits-all formula for deciding the class-action question," *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399 (2010).

"Rule 23(a) enumerates four—and only four—requirements for class certification: numerosity, commonality, typicality, and adequacy of representation." *Simpson v. Dart*, 23 F.4th 706, 711 (7th Cir. 2022). In addition to those "prerequisites," the class must fit one of Rule 23(b)'s "particular types of classes, which have different criteria." *Santiago*, 19 F.4th at 1016. Here, the parties seek class certification under Rule 23(b)(3), dkt. 56, so "common questions of law or fact must predominate over individual inquiries, and class treatment must be the superior method of resolving the controversy," *Santiago*, 19 F.4th at 1016.

The Court previously analyzed these factors and preliminarily approved class certification under Rule 23. Dkt. 48 at 6–9. As addressed at the fairness hearing, the same reasons supporting preliminary approval also support final certification of the class. *See id.*; dkt. 59.

Further, for the reasons in the Court's preliminary approval order, dkt. 48, and as discussed on the record at the fairness hearing, *see* dkt. 59, the

Settlement Notice is sufficient and complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**B. Appointment of Class and Collective Counsel and Representative**

Rule 23(g)(1) requires that the court appoint class counsel after it certifies a class. In appointing class counsel, the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A). The Court considered these factors in designating Robert P. Kondras, Jr. and Gregg Cohen Greenberg as counsel for the preliminarily-certified Class and Collective Action, and there are no new facts that weigh against this decision. Additionally, the Court appoints Plaintiff Naquaylia Rhodes as the class/collective representative.

**C. Final Approval of Class and Collective Settlement**

For the IWPS class, courts may approve a proposed settlement only after finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To make that finding, Courts must consider whether (1) the class representatives and class counsel have adequately represented the class, (2) the proposal was negotiated at arm's length, (3) the proposal treats class members equitably relative to each other, and (4) the relief provided by the settlement is adequate. *Id.* The Court also considers "(1) the strength of the case for plaintiffs on the

merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." *Wong*, 773 F.3d at 863.

As addressed in the order granting preliminary approval, the parties conducted discovery and exchanged information to "fully understand and evaluate the scope of potential damages and assess the strengths and weaknesses of their respective positions" before reaching their Agreement. Dkt. 48 at 8. The Agreement also reflects the time, costs, and uncertainty of continued litigation. *See id.* Similarly, the parties discussed at the fairness hearing that discovery revealed a substantial risk that the class would receive no recovery if they had not reached the Agreement at this stage of the case. There are also no opt-outs and no objectors to the class settlement. *See* dkt. 59.

The Court therefore finds that the class settlement is fair, reasonable, and adequate, and approves it.

For the FLSA collective, the parties have shown that the FLSA settlement represents a "reasonable compromise" of a "bona fide dispute." *Briggs*, 2016 WL 7018566, at *1. There is a bona fide dispute since the parties disputed the case both factually and legally. *See* dkt. 48 at 10. And the parties have conducted discovery and exchanged information to "fully understand and evaluate the scope of potential damages and assess the strengths and

weaknesses of their respective positions." *Id.* Therefore, the FLSA collective settlement is finally certified as a reasonable resolution. *Briggs*, 2016 WL 7018566, at *1.

**D. Attorneys' Fees, Costs and Expenses, and Service Award**

Under Federal Rule of Civil Procedure 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." "In assessing the reasonableness of an attorney fee award for a class action settlement, district courts should do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 832–33 (7th Cir. 2018). When considering reasonableness, district courts may consider the award either as percentage of the fund or through the lodestar method. *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014).

Applying the percentage of the fund method, counsel is requesting an attorney fee award that represents approximately 33.3% of the gross settlement fund and about 35% of the net settlement fund.[1] This request is within the normal rate of compensation for wage and hour class action and FLSA settlements in the Seventh Circuit. *See e.g., Gaskill v. Gordon*, 160 F.3d 361,

[1] The "ratio that is relevant to assessing the reasonableness of the attorneys' fee" is the percent of the net settlement fund, which "is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman v. RadioShack*, 768 F.3d 622, 630 (7th Cir. 2014).

362 (7th Cir. 1998) ("The typical contingent fee is between 33 and 40 percent."); *Briggs v. PNC Fin. Servs. Grp.*, 2016 WL 7018566 (N.D. Ill. Nov. 29. 2016) (St. Eve, J.) (approving fees of 33.3% of the *gross* fund, awarding attorneys $2 million). The Court has also considered that class counsel risked receiving nothing if there was no recovery. *See* dkt. 50 at 8. Therefore, the Court approves as reasonable an attorney's fee award of $73,333.33. For the reasons addressed at the fairness hearing, the Court similarly approves reimbursement of costs and expenses of $2,773.85, and a $10,000 service award for Naquaylia Rhodes. *See Camp Drug Store, Inc.*, 897 F.3d at 834 (Because "a named plaintiff is an essential ingredient of any class action . . . an incentive award is appropriate if it is necessary to induce an individual to participate in the suit.").

## IV. Conclusion

The motion for final approval and motion for attorneys' fees are **GRANTED**. Dkt. [49]; dkt. [56]. After holding a hearing, the Court **GRANTS FINAL APPROVAL** of the class settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and the FLSA collective as fair, adequate, and reasonable compromise of a bona fide dispute. The parties are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

The Court further finds and orders as follows:

1. The previously certified Class is finally certified under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes.

2. The Court confirms the appointment of (a) Naquaylia Rhodes as representative of the class and collective, and (b) Robert P. Kondras, Jr. and Gregg Cohen Greenburg as Class Counsel.
3. Under the Agreement, Hopp, Inc. d/b/a Night Moves agrees to pay $220,000 to resolve the lawsuit. From that amount, the Court approves: a $10,000 service award to Ms. Rhodes; $73,333.33 in attorney's fees for Class Counsel; and $2,773.85 in administration costs and expenses. These payments shall be made from the Settlement Fund according to the procedures in the Agreement.
4. Class Members and Collective Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Agreement and motion for final approval.
5. The Court orders that all Class Members and Opt-in Collective Members are bound by the terms of the Agreement.

As discussed at the fairness hearing, the Court will enter final judgment dismissing this case with prejudice after payments to the class and collective members are complete. The parties shall file a status update regarding whether those payments are complete **by September 13, 2026**.

**SO ORDERED.**

Date: 8/14/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel